---

(6 App. Div. 532)

ISELIN et al. v. COMMERCIAL NAT. BANK.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

DRAFTS—PAYMENT BY ACCEPTOR TO INDORSEE—RECOVERY OF MONEY PAID—COMPLAINT.

To sustain an action by the acceptor of a draft against an indorsee, to whom it has been paid, to recover back the money, the complaint must allege not only circumstances entitling plaintiff to recover from the drawer or the payee, but also facts negativing the indorsee's being a bona fide purchaser.

Appeal from special term, New York county.

Action by William E. Iselin and others against the Commercial Bank. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

A. Blumenstiel, for appellants.
George H. Yeaman, for respondent.

INGRAHAM, J. The complaint alleges that a corporation known as the Camden Woolen-Mills Company drew a draft to the order of S. B. Stitt & Co. upon these plaintiffs for $5,000, "and the said draft was delivered, after being indorsed by S. B. Stitt & Co. to the National State Bank of Camden, New Jersey, on or about the 9th day of March, 1893," this being the only allegation as to the transfer of this bill of exchange from either the drawer or the payee to the Camden Bank. The bill was subsequently delivered to the defendant for collection by the National State Bank through the Girard National Bank of Philadelphia, was presented by the defendant to the plaintiffs (the drawees), and by them paid. The complaint then alleges the circumstances which would entitle these plaintiffs to recover the proceeds of the draft paid from the drawer or the payee of the draft, and the single question is presented as to whether in an action to recover the money paid on this draft against the Camden Bank, or the defendant, claiming to hold this money as the agent of the Camden Bank, the plaintiffs were bound to allege that the Camden Bank received the note

without paying value for it, and with notice of the fact upon which plaintiffs' right to recover depends. It is conceded that if these plaintiffs had accepted this draft, and subsequently refused to pay it, upon an action being brought upon it setting up these allegations as a defense the burden would have been upon the plaintiffs to show that they were bona fide holders of the draft for value before maturity. But here the plaintiffs have paid the draft voluntarily to the person in whom a valid title has vested. They seek to recover the money which they have thus voluntarily paid, claiming that that payment was induced by fraud; and in such an action it seems to us that the plaintiffs are bound to allege facts which negative the right of the defendant to retain the money. There is no question of the burden of proof, but upon the facts necessary to be alleged to sustain the cause of action. One fact is the fraud which induced the payment, and just as clearly another fact is that the party to whom the draft was paid was not entitled, as between the plaintiffs (the drawees) and the holder, to retain the money.

The plaintiffs call our attention to the analogy between this case and a case in which goods have been sold upon a contract of sale induced by fraud, and the vendor has, upon the discovery of the fraud, elected to rescind the sale and recover back the goods, and that in such case he can follow the goods into the hands of any purchaser who is not a bona fide purchaser for value without notice of the fraud. This is true, but this rule applies only to specific personal property as to which the vendor could give to the vendee only the title which he had; and where a vendee seeks to hold specific personal property as against its true owner he can only do so where he shows that the true owner is either estopped from asserting his title to the property, or where, at the time of his purchase, the vendor had the right or power to sell and dispose of the property. An entirely different question is presented where the right to recover money voluntarily paid by one person to another is in issue, for then the action becomes an action for money had and received. To maintain such an action it is necessary to establish that the defendant has received money belonging to the plaintiff, or to which the plaintiff is entitled. Trust Co. v. Gleason, 77 N. Y. 403. The situation of the parties is materially different from that where the acceptor of a draft has refused to pay, and the holder brings an action to collect the amount. In that case the principle is well settled that the holder of the draft is presumed to be its owner, and that the mere production of the draft and proof of its execution would entitle the holder to recover. Where, however, the acceptor has proved that the draft was procured by fraud, so that it would be invalid in the hands of the payee, the burden of proof is then upon the holder to show that before maturity he paid value for the draft without notice of the acceptor's right; in other words, that he is a bona fide holder for value. This, however, applies, not where the acceptor has paid and seeks to recover back the money that he has paid, but where he has refused to pay, and the holder sues to recover on the note.

When he has paid the draft, he stands then in a different position. He must not only show the fraud, but he must also negative the facts or inferences which would give the holder of the draft to whom he has paid it the right to hold the money. He is no longer defending himself from the enforcement of a claim where he is only liable upon the ground of the peculiar character attaching to negotiable instruments whereby a bona fide holder for value before maturity is entitled to recover, regardless of the equities that exist between the payee and the drawer or acceptor of the negotiable instrument. But, having voluntarily paid the note, the plaintiffs come into court, and ask that the money paid may be recovered back, on the ground that, because of facts which they have since discovered, they were not liable to pay the instrument. To sustain that cause of action they must allege and prove that the defendant had no right to collect the instrument from them, and to allege and prove that they must show that the holder of the note was not a bona fide purchaser for value before maturity. Neither of the parties to this action has cited any case in which this exact question has been presented for determination, nor have we been able to discover a case which is exactly in point. It is a question, therefore, of first impression; but, applying the general rule before stated, we think it clear that the learned court was correct in holding that the complaint failed to state facts sufficient to constitute a cause of action.

The demurrer was rightfully sustained, and the judgment is, therefore, affirmed, with costs. All concur.